## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GRACE MUNOZ** on behalf of herself and others similarly situated, | Case No.: 2:21-cv-297 |
| Plaintiff, | Hon.: |
| v. | |
| **GOLDBERG, MILLER & RUBIN, P.C.,** a Pennsylvania corporation, | |
| Defendant. | |

## COLLECTIVE/CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff GRACE MUNOZ ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, hereby files this Collective/Class Action Complaint against Defendant GOLDBERG, MILLER & RUBIN, P.C. ("Defendant"), and states as follows:

## INTRODUCTION

1.     This collective/class action is brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 for damages and other legal and equitable relief arising from Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the following state laws, rules and regulations:

- New Jersey Wage and Hour Laws, N.J.S.A. 34:11-56a, *et seq.* and New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1, *et seq.*;

- the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.104, *et seq.*;

- the New York Minimum Wage Age ("NYMWA") §§ 650, *et seq.*, the New

1

York Payment of Wages Act ("NYPOW") §§ 190, *et seq.*, and 12 N.Y.C.R.R. §§ 142, et seq. ("NYCRR").

2.      Defendant is a Philadelphia-based private law firm with offices and lawyers in New York and New Jersey.

3.      In connection with its legal practice, Defendant employed Plaintiff and other non-exempt employees as paralegals to support the Firm and its attorneys.

4.      Defendant has maintained a corporate policy under which it misclassifies its paralegals, including Plaintiff, as exempt employees and compensates them the same amount each week regardless of the number of hours they work.

5.      Defendant's paralegals routinely work over forty (40) hours per week, often without overtime payments.

6.      The FLSA and related state laws require employers—including Defendant—to compensate employees—including Plaintiff—for work performed beyond forty (40) hours in each given workweek at a rate one and one-half times the employees' normal hourly rates.

7.      In July 2008, the U.S. Department of Labor ("DOL") issued Fact Sheet #17A (attached hereto as **Exhibit A**), which "provides general information on the exemption from minimum wage and overtime pay provided by Section 13(a)(1) of the Fair Labor Standards Act." According to the DOL's Fact Sheet #17A,

> The FLSA requires that most employees in the United States be paid at least the federal minimum wage for all hours worked and

> overtime pay at time and one-half the regular rate of pay for all hours worked over 40 hours in a workweek.
>
> However, Section 13(a)(1) of the FLSA provides an exemption from both minimum wage and overtime pay for employees employed as bona fide executive, administrative, professional and outside sales employees. Section 13(a)(1) and Section 13(a)(17) also exempt certain computer employees. To qualify for exemption, employees generally must meet certain tests regarding their job duties and be paid on a salary basis at not less than $455 per week. Job titles do not determine exempt status. In order for an exemption to apply, an employee's specific job duties and salary must meet all the requirements of the Department's regulations.

(footnote omitted).

8.      The DOL's Fact Sheet #17C (attached hereto as **Exhibit B**) outlines specifics regarding the FLSA's exemption for administrative employees.  It provides the following test to determine whether an individual qualifies for the exemption:

> To qualify for the administrative employee exemption, all of the following tests must be met:
> - The employee must be compensated on a salary or fee basis (as defined in the regulations) at a rate not less than $684* per week;
> - The employee's primary duty must be the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
> - The employee's primary duty includes the **exercise of discretion and independent judgment with respect to matters of significance**.

*Id*. (emphasis added) (footnote omitted).

9.      In July 2011, Title 29 ("Labor") of the Code of Federal Regulations was amended to include the following provision, clarifying the applicability of the learned professional exemption to paralegals and legal assistants:

> (7) Paralegals. **Paralegals and legal assistants generally do not qualify as exempt learned professionals** because an advanced specialized academic degree is not a standard prerequisite for entry into

the field. Although many paralegals possess general four-year advanced degrees, most specialized paralegal programs are two-year associate degree programs from a community college or equivalent institution...

29 C.F.R. § 541.301(e)(7) (emphasis added).

10.    The responsibilities and primary duties of Defendant's paralegals do not include the exercise of discretion and independent judgment with respect to matters of significance.

11.    Upon information and belief, neither Plaintiff nor the other similarly situated paralegals possess advanced knowledge in a field of science or learning, as required by the professional exemption, and therefore do not qualify for it. *See Fact Sheet #17D: Exemption for Professional Employees Under the Fair Labor Standards Act (FLSA)*, https://www.dol.gov/agencies/whd/fact-sheets/17d-overtime-professional (last visited Jan. 5, 2021).

12.    Defendant knew, or could have easily determined, that its paralegals did not qualify for a FLSA exemption from overtime pay, and Defendant could have properly accounted for and compensated Plaintiff and its paralegals for their overtime work, but Defendant deliberately chose to misclassify them as exempt from overtime pay. Defendant's conduct in that regard amounts to a willful violation of the overtime provisions of the FLSA.

13.    Plaintiff seeks a declaration that her rights, and the rights of the putative collective action members, were violated, an award of unpaid wages and liquidated

damages, injunctive and declaratory relief, attendant penalties, and an award of attorneys' fees and costs to make them whole for damages they suffered, and to ensure that Defendant will not subject them and future workers to such illegal conduct in the future.

## **JURISDICTION AND VENUE**

14.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claim raises a federal question under 29 U.S.C. § 201, *et seq.*

15.     Additionally, this Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

16.     Upon information and belief, Defendant's annual sales exceed $500,000 and they have more than two employees, thus, the FLSA applies on an enterprise basis. Defendant's employees also engage in interstate commerce, therefore, they are likewise covered by the FLSA on an individual basis.

17.     This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. §1367 because they originate from the same facts that form the basis of her federal claim.

18.     The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

19.     The Court has personal jurisdiction over Defendant because it is

registered with, and conducts business in, the state of Pennsylvania.

20.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because the Defendant resides and is doing business in this District, and a substantial portion of the events or omissions giving rise to Plaintiff's claim occurred in this District.

## PARTIES

### *Plaintiff*

21.     Plaintiff, Grace Munoz, is an individual residing in West Caldwell, New Jersey.

22.     Plaintiff was employed by Defendant as a paralegal in Fairfield, New Jersey from approximately May 2019 through November 2020.

23.     During her employment with Defendant, Plaintiff, like other persons employed by Defendant as non-exempt paralegals (hereinafter "Non-exempt Paralegals"), regularly worked in excess of forty (40) hours in a workweek and was rarely paid overtime compensation as required under the FLSA and related state laws.

24.     In fact, Plaintiff typically worked five days per week, ten (10) to eleven (11) hours per day, and fifty (50) to fifty-five (55) hours per week. Plaintiff was compensated on a salary basis and paid the same amount each week regardless of the number of hours she worked.

25.     In or around July 2019, Defendant paid Plaintiff $3,606 in overtime

compensation for approximately 100 hours, however, this payment did not account for all overtime Plaintiff had worked and for which she was entitled pay.

26.     During her employment with Defendant, Plaintiff received no additional overtime compensation.

27.     Plaintiff signed a consent form to join this collective action lawsuit, attached hereto as **Exhibit C**.

### ***Defendant***

28.     Defendant GOLDBERG, MILLER & RUBIN, P.C. d/b/a Goldberg, Miller & Rubin (hereinafter "Defendant" or "the Firm"), is a Pennsylvania corporation (Entity Number: 2069589) located at The North American Building, 121 South Broad Street, Suite 1500, Philadelphia, Pennsylvania 19107. Defendant has six offices: two in New Jersey, one in New York and three in Pennsylvania. According to Defendant's website,

> Past case results and outcomes have established us as leaders and valuable legal resources for our clients which include manufacturers, trucking companies, medical firms, hospital networks, self-insured businesses, insurance carriers, retail stores, grocers, property management companies, hotels, rental car companies, distributors, and private firms.

*See ABOUT US,* https://gmrlawfirm.com/our-story/ (last visited January 5, 2021).

29.     Upon information and belief, Defendant has employed several dozen paralegals during the relevant time period.

## FACTUAL BACKGROUND

**A.    Defendant Misclassifies Its Paralegals as Exempt in Violation of the FLSA and Fails to Pay Them Overtime Wages**

30.    Plaintiff worked as a paralegal for Defendant within the last three years.

31.    It was Defendant's policy and practice to misclassify Plaintiff and the Non-exempt Paralegals as employees exempt from overtime under the FLSA.

32.    During their employment, Defendant paid Plaintiff and the Non-exempt Paralegals the same amount each week regardless of the number of hours they worked; when Plaintiff worked in excess of forty (40) hours in any workweek, Defendant routinely did not pay her overtime of at least one and one-half times the "regular rate" at which she was employed. This is undisputed. *See* **Exhibit D**, paystubs.

33.    As non-exempt employees, however, Plaintiff and the Non-exempt Paralegals were entitled to full compensation for all overtime hours worked. Under the FLSA and related state laws, employees are entitled to "not less than one and one-half times the regular rate" at which they are employed for work in excess of 40 hours in a workweek. 29 U.S.C. § 207(a)(1); N.J.S.A. 34:11–56a4; 43 P.S. § 333.104; 12 N.Y.C.R.R. § 142-2.2. The "regular rate" under the FLSA shall be deemed to include bonuses, commissions, nondiscretionary incentive compensation and other remuneration paid to the employee. 29 U.S.C. § 207(e).

34.    Defendant knew, or could have easily determined, that its policies and

practices for paying its non-exempt paralegals violated the FLSA and related state laws.

35.    During Plaintiff's employment with Defendant, Plaintiff complained on numerous occasions, both verbally and in writing, regarding the firm's practice of misclassifying its non-exempt paralegals.

36.    Specifically, Plaintiff directed her complaints to the firm's Chief Operating Officer, advising him that "[i]n NJ usually as a paralegal, we are considered non-exempt so we're paid hourly and clock in/out. I haven't done that here so I wanted to check with you…"

37.    In response to her complaint about misclassification and the failure to pay overtime, Defendant responded to Plaintiff that she is "salaried and [didn't] have to clock in and out."

38.    When Plaintiff further clarified, asking "…[s]o I'm exempt?," Plaintiff was advised that she was indeed exempt.

39.    Plaintiff additionally raised concerns regarding Defendant's misclassification practices to the Firm's Operations Manager, a Managing Partner, and a Senior Counsel member at the Firm's New Jersey office. Her complaints to the former two fell on deaf ears, while those to the latter, upon information and belief, prompted the lone July 2019 overtime payment but were nonetheless insufficient to induce Defendant to compensate her for all overtime worked during her employment.

40.     During her employment with Defendant, Plaintiff's job duties and responsibilities were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance, as defined and required under the law. For example, Plaintiff would save documents and files to the Firm's server in the manner in which she was directed by her supervisor.

41.     Plaintiff's job duties and responsibilities similarly did not involve the management of the Firm or any particular department, and Plaintiff did not direct the work of other employees. For instance, when Plaintiff was directed to onboard new paralegals to the firm's New Jersey office, she did so by recapitulating the Firm's existing policies and procedures and while under immediate supervision.

42.     Nor were any of the Non-exempt Paralegals involved in setting, creating or drafting the management policies or general business operations of Defendant or its clients. Indeed, Plaintiff and the Non-exempt Paralegals were closely overseen by members of the Firm and directed in what to do.

43.     The primary job duties of Plaintiff and the Non-exempt Paralegals were maintaining and organizing files, finalizing and filing pleadings, handling office supplies, ordering lunches, creating vendor accounts, and other administrative tasks.

44.     Defendant required Plaintiff and the Non-exempt Paralegals to perform their job duties in accordance with its corporate policies, procedures and guidelines.

45.     To the extent that Plaintiff and the Non-exempt Paralegals utilized particular skills and knowledge in preparing and completing assignments, they did

not exercise independent judgment in their application of such skills and knowledge and their execution of nearly all duties was with immediate direction and oversight by a supervising attorney.

46.     There is no minimum education or training requirement that a person must satisfy before using the occupational title "paralegal" and Plaintiff does not hold a paralegal certificate.

47.     Because Plaintiff and the Non-exempt Paralegals did not exercise the level of independent judgment, discretion, supervision or administrative control to be classified as executive, professional or administrative employees under the FLSA, and because they did not meet the annual compensation requirements to be classified as highly compensated employees under the FLSA, they qualified as non-exempt employees under the FLSA. Accordingly, Defendant has uniformly misclassified its paralegals as exempt employees under the FLSA.

**B.     Defendant Directly Benefited from Plaintiff's Uncompensated Overtime Work and Permitted it to Happen**

48.     At all relevant times, Defendant directed and directly benefited from the work performed by Plaintiff and the Non-exempt Paralegals.

49.     At all relevant times, Defendant controlled the work schedules, duties, protocols, applications, assignments and employment conditions of Plaintiff and Non-exempt Paralegals.

50.     At all relevant times, Defendant was able to track the amount of time

Plaintiff and Non-exempt Paralegals spent in connection with the performance of their work. However, Defendant failed to do so despite Plaintiff's protests and failed to properly compensate Plaintiff and Non-exempt Paralegals for the overtime work they performed.

51.    At all relevant times, Plaintiff and the Non-exempt Paralegals were non-exempt employees, subject to the requirements of the FLSA and related state laws.

52.    Defendant expressly trained, instructed and permitted Plaintiff and the Non-exempt Paralegals to perform more than forty (40) hours of work during numerous individual workweeks.

53.    Because Plaintiff and Non-exempt Paralegals typically worked more than forty (40) hours in a workweek, Defendant's policies and practices deprived them of overtime wages for the work they performed.

54.    Defendant knew or should have known that the work performed by Plaintiff and the Non-exempt Paralegals did not qualify for the FLSA's administrative, executive or professional exemption. Indeed, given the routine and rote nature of the work, the lack of discretion and independent judgment with respect to matters of significance, and the strict guidelines Non-exempt Paralegals were required to adhere to, there is no conceivable way for Defendant to establish that its classification scheme was enacted in good faith.

55.    Despite knowing Plaintiff and Non-exempt Paralegals performed more

than forty (40) hours of work in numerous individual workweeks, Defendant failed to make any effort to stop or disallow the overtime work and instead suffered and permitted it to happen.

56.    Unpaid overtime wages related to the overtime work described herein are owed to Plaintiff and Non-exempt Paralegals at the FLSA mandated overtime premium of one and one-half times the "regular rate" at which they were employed because Plaintiff and Non-exempt Paralegals regularly worked more than forty (40) hours in a workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

57.    Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on her own behalf and on behalf of:

> *All similarly situated current and former paralegals who work or have worked for Defendant in the last three years and who were classified as exempt from overtime.*

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition if necessary.

58.    Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and other similarly situated paralegals.

59.    Excluded from the FLSA Collective are Defendant's executive, administrative and professional employees, including computer professionals and outside salespersons.

60.    Consistent with Defendant's policy and pattern or practice, Plaintiff and

the FLSA Collective were routinely not paid premium overtime compensation when they worked beyond forty (40) hours in a workweek

61.    Defendant assigned and/or was aware of all the work that Plaintiff and the FLSA Collective performed.

62.    As part of its regular business practices, Defendant intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

    a.    Willfully misclassifying Plaintiff and the FLSA Collective as exempt employees under the FLSA;

    b.    Willfully failing to pay Plaintiff and the FLSA Collective premium overtime wages for hours worked in excess of forty (40) hours per workweek; and

    c.    Willfully failing to record all of the time that Plaintiff and the FLSA Collective worked for the benefit of Defendant.

63.    Defendant is aware or should have been aware that Plaintiff and the FLSA Collective were non-exempt employees and that federal law required it to pay Plaintiff and the FLSA Collective overtime premiums for hours worked in excess of forty (40) hours per workweek.

64.    Defendant's unlawful conduct has been widespread, repeated and consistent.

65.    A collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. §

14

216(b). The employees on behalf of whom Plaintiff brings this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are performing the same or similar job duties; (c) they were or are subject to the same or similar unlawful practices, policy or plan; and (d) their claims are based upon the same factual and legal theories.

66.     The employment relationships between Defendant and every proposed FLSA Collective member are the same. The key issue – whether the work performed by Defendant's paralegals qualifies for the professional, executive or administrative exemption – is identical among the proposed FLSA Collective members.

67.     Many similarly situated current and former paralegals have been underpaid in violation of the FLSA and would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

68.     Court-supervised notice of this lawsuit should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

69.     Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's personnel and payroll records.

70.     Plaintiff estimates the proposed FLSA Collective, including both current and former employees over the relevant period, will include several dozen workers. The precise number of FLSA Collective members should be readily ascertainable from a review of Defendant's personnel and payroll records.

## **RULE 23 NEW JERSEY CLASS ACTION ALLEGATIONS**

71.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on her own behalf and on the behalf of:

> *All similarly situated current and former paralegals who work or have worked for Defendant at any location in New Jersey during the applicable statutory period and who were classified as exempt from overtime.*

 (hereinafter referred to as the "Rule 23 New Jersey Class").  Plaintiff reserves the right to amend this definition as necessary.

72.     The members of the Rule 23 New Jersey Class are so numerous that joinder of all Rule 23 New Jersey Class members in this case would be impractical. Plaintiff reasonably estimates that there are several Rule 23 New Jersey Class members.  Rule 23 New Jersey Class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

73.     There is a well-defined community of interest among Rule 23 New Jersey members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 New Jersey Class. These common legal and factual questions, include, but are not limited to, the following:

  a. Whether Defendant has a policy and/or practice of failing to pay its paralegals for all hours worked in violation of New Jersey state law;

  b. Whether Defendant's non-payment of wages for all hours worked amounted to a failure to pay all wages owed; and

16

c.  Whether Defendant's non-payment of wages for all hours worked amounted to a failure to pay all wages at the time that they were owed.

74.    Plaintiff's claims are typical of those of the Rule 23 New Jersey Class in that she and all other Rule 23 New Jersey Class members suffered damages as a direct and proximate result of the Defendant's common and systemic payroll policies and practices.   Plaintiff's claims arise from the same pay policies, practices, promises, and course of conduct as all other Rule 23 New Jersey Class members' claims and her legal theories are based on the same legal theories as all other Rule 23 New Jersey Class members.

75.    Plaintiff will fully and adequately protect the interests of the Rule 23 New Jersey Class and has retained counsel who are qualified and experienced in the prosecution of wage and hour class actions. Neither Plaintiff nor her counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 New Jersey Class.

76.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 New Jersey Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.  Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits being filed in state and federal courts throughout the nation.

77.    This case will be manageable as a Rule 23 Class action. Plaintiff and her counsel know of no unusual difficulties in this case and Defendant has advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

78.    Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *See Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

79.    Because Defendant acted and refused to act on grounds that apply generally to the Rule 23 New Jersey Class and declaratory relief is appropriate in this case with respect to the Rule 23 New Jersey Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## RULE 23 PENNSYLVANIA CLASS ACTION ALLEGATIONS

80.    Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on her own behalf and on the behalf of:

> *All similarly situated current and former paralegals who work or have worked for Defendant at any location in Pennsylvania during the applicable statutory period and who were classified as exempt from overtime.*

(hereinafter referred to as the "Rule 23 Pennsylvania Class"). Plaintiff reserves the right to amend this definition as necessary.

81.     The members of the Rule 23 Pennsylvania Class are so numerous that joinder of all Rule 23 Pennsylvania Class members in this case would be impractical. Plaintiff reasonably estimates that there are more than one dozen Rule 23 Pennsylvania Class members.  Rule 23 Pennsylvania Class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

82.     There is a well-defined community of interest among Rule 23 Pennsylvania members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Pennsylvania Class.  These common legal and factual questions, include, but are not limited to, the following:

a.  Whether Defendant has a policy and/or practice of failing to pay its paralegals for all hours worked in violation of Pennsylvania state law;

b.  Whether Defendant's non-payment of wages for all hours worked amounted to a failure to pay all wages owed; and

c.  Whether Defendant's non-payment of wages for all hours worked amounted to a failure to pay all wages at the time that they were owed.

83.     Plaintiff's claims are typical of those of the Rule 23 Pennsylvania Class in that she and all other Rule 23 Pennsylvania Class members suffered damages as a direct and proximate result of the Defendant's common and systemic payroll policies and practices.  Plaintiff's claims arise from the same pay policies, practices, promises, and course of conduct as all other Rule 23 Pennsylvania Class members'

claims and her legal theories are based on the same legal theories as all other Rule 23 Pennsylvania Class members.

84.     Plaintiff will fully and adequately protect the interests of the Rule 23 Pennsylvania Class and has retained counsel who are qualified and experienced in the prosecution of wage and hour class actions. Neither Plaintiff nor her counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Pennsylvania Class.

85.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Pennsylvania Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.  Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits being filed in state and federal courts throughout the nation.

86.     This case will be manageable as a Rule 23 Class action. Plaintiff and her counsel know of no unusual difficulties in this case and Defendant has advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

87.     Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate.  *See Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a

categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

88.     Because Defendant acted and refused to act on grounds that apply generally to the Rule 23 Pennsylvania Class and declaratory relief is appropriate in this case with respect to the Rule 23 Pennsylvania Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## RULE 23 NEW YORK CLASS ACTION ALLEGATIONS

89.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on her own behalf and on the behalf of:

> *All similarly situated current and former paralegals who work or have worked for Defendant at any location in New York during the applicable statutory period and who were classified as exempt from overtime.*

(hereinafter referred to as the "Rule 23 New York Class").  Plaintiff reserves the right to amend this definition as necessary.

90.     The members of the Rule 23 New York Class are so numerous that joinder of all Rule 23 New York Class members in this case would be impractical. Plaintiff reasonably estimates that there are several Rule 23 New York Class members.  Rule 23 New York Class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

91.     There is a well-defined community of interest among Rule 23 New York members and common questions of law and fact predominate in this action

over any questions affecting individual members of the Rule 23 New York Class. These common legal and factual questions, include, but are not limited to, the following:

    a. Whether Defendant has a policy and/or practice of failing to pay its paralegals for all hours worked in violation of New York state law;

    b. Whether Defendant's non-payment of wages for all hours worked amounted to a failure to pay all wages owed; and

    c. Whether Defendant's non-payment of wages for all hours worked amounted to a failure to pay all wages at the time that they were owed.

92.    Plaintiff's claims are typical of those of the Rule 23 New York Class in that she and all other Rule 23 New York Class members suffered damages as a direct and proximate result of the Defendant's common and systemic payroll policies and practices.  Plaintiff's claims arise from the same pay policies, practices, promises, and course of conduct as all other Rule 23 New York Class members' claims and her legal theories are based on the same legal theories as all other Rule 23 New York Class members.

93.    Plaintiff will fully and adequately protect the interests of the Rule 23 New York Class and has retained counsel who are qualified and experienced in the prosecution of wage and hour class actions. Neither Plaintiff nor her counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 New York Class.

94.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 New York Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.  Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits being filed in state and federal courts throughout the nation.

95.     This case will be manageable as a Rule 23 Class action. Plaintiff and her counsel know of no unusual difficulties in this case and Defendant has advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

96.     Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate.  *See Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

97.     Because Defendant acted and refused to act on grounds that apply generally to the Rule 23 New York Class and declaratory relief is appropriate in this case with respect to the Rule 23 New York Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

<u>**COUNT I**</u>
**<u>29 U.S.C. § 216(b) COLLECTIVE ACTION</u>**
**<u>VIOLATION OF FLSA, 29 U.S.C. § 201 *et seq*.</u>**
**<u>FAILURE TO PAY OVERTIME WAGES</u>**

98.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

99.    At all times relevant to this action, Defendant was engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

100.    At all times relevant to this action, Plaintiff and the FLSA Collective were "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

101.    At all times relevant to this action, Defendant "suffered or permitted" Plaintiff and the FLSA Collective to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

102.    Plaintiff and the FLSA Collective either: (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) were employed in an enterprise engaged in commerce or in the production of goods for commerce.

103.    Plaintiff and the FLSA Collective, by virtue of their job duties and activities actually performed, are all non-exempt employees.

104.    Plaintiff and the FLSA Collective were directed by Defendant to work, and did work, over forty (40) hours in one or more individual workweeks.

105.    Defendant violated the FLSA by misclassifying Plaintiff and the FLSA Collective as exempt from overtime pay and by failing to pay overtime to Plaintiff

and the FLSA Collective when they worked over forty (40) hours in individual workweeks.

106.   Contrary to Defendant's uniform misclassification scheme, Plaintiff and the FLSA Collective were not exempt employees under FLSA.

107.   Defendant paid Plaintiff and other FLSA Collective members a salary and failed to compensate them for all work performed beyond forty (40) hours in each given workweek.

108.   In workweeks where Plaintiff and other FLSA Collective members worked forty (40) hours or more, they should have been paid for such overtime work at the federally mandated rate of one and one-half times the "regular rate" at which they were employed, including bonuses, commissions, shift differentials and nondiscretionary incentive pay where applicable. 29 U.S.C. § 207.

109.   Defendant's FLSA violations were knowing and willful. Defendant knew or could have easily determined that Plaintiff and the FLSA Collective were misclassified as exempt from overtime pay, and Defendant could have easily accounted for and properly compensated Plaintiff and the FLSA Collective for their overtime work, but deliberately chose not to.

110.   The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (including unpaid overtime), plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

**COUNT II**
**VIOLATION OF NEW JERSEY WAGE AND HOUR LAWS, N.J.S.A. 34:11-56a, *et seq.*; FAILURE TO PAY OVERTIME WAGES; VIOLATION OF NEW JERSEY WAGE PAYMENT LAW, N.J.S.A. 34:11-4.1, *et seq.*; and FAILURE TO PAY STRAIGHT TIME WAGES ("NEW JERSEY WAGE ACTS")**

111.   Plaintiff re-alleges and incorporates all previous paragraphs herein.

112.   At all times relevant to the action, Defendant was an employer covered by the overtime and wage mandates of the New Jersey Wage Acts, and the Rule 23 New Jersey Class are employees entitled to the protections of the New Jersey Wage Acts. N.J.S.A. 34:11-56a1(h) and N.J.S.A. 34:11-4.1b.

113.   At all times relevant to this action, Defendant "suffered or permitted" Plaintiff and the Rule 23 New Jersey Class to work and thus "employed" them within the meaning of N.J.S.A. 34:11-56a1(f).

114.   Under New Jersey law, employees are entitled to be paid for "all hours worked." N.J. Admin. Code tit. 12, § 56-5.1.

115.   Defendant violated the New Jersey Wage Act by regularly and repeatedly failing to compensate Plaintiff and the Rule 23 New Jersey Class for the time spent on the work activities described in this Complaint.

116.   Defendant's uniform policy and practice, as described above, was/is willful, intentional, unreasonable, arbitrary, and in bad faith.

117.   As a result, the Rule 23 New Jersey Class has and will continue to suffer loss of income and other damages. Accordingly, the Rule 23 New Jersey Class is

entitled to recover unpaid wages owed, including overtime wages, liquidated damages in the amount of 200% of the wages owed, plus costs and attorneys' fees, and other appropriate relief under the New Jersey Wage Acts at an amount to be proven at trial. *See* N.J. Stat. § 34:11-58.

**COUNT III**
**VIOLATIONS OF THE PENNSYLVANIA MINIMUM WAGE ACT,**
**43 P.S. §§ 333.101, *et seq.* – FAILURE TO PAY OVERTIME WAGES**

118.   Plaintiff re-alleges and incorporates all previous paragraphs herein.

119.   All members of the Rule 23 Pennsylvania Class are entitled to their regular wages and overtime wages pursuant to the PMWA, 43 P.S. § 333.101, *et seq.*, and the relevant portions of the Pennsylvania Code, 34 Pa. Code § 231.1, *et seq*.

120.   By failing to pay the members of the Rule 23 Pennsylvania Class for all hours worked in excess of forty (40) hours a week at one and one-half times their regular rates, Defendant violated the PMWA.  *See*, *e.g.*, 43 P.S. § 333.104(c), 34 Pa. Code § 231.41.

121.   A three-year statute of limitation applies to all above claims.

122.   Defendant violated the PMWA, including by regularly and repeatedly failing to compensate the Rule 23 Pennsylvania Class for the time spent on the work activities described in this Complaint. As a result, the Rule 23 Pennsylvania Class has and will continue to suffer loss of income and other damages. Accordingly, the Rule 23 Pennsylvania Class is entitled to recover unpaid wages owed, plus costs

and reasonable attorneys' fees, and other appropriate relief under Pennsylvania law, including, but not limited to all damages, fees, and costs available under 43 P.S. § 333.101, *et seq.*

**COUNT IV**
**VIOLATIONS OF THE NEW YORK MINIMUM WAGE AGE**
**("NWMWA") §§ 650, et seq., and the NEW YORK PAYMENT OF WAGES**
**ACT ("NYPOW") §§ 190, et seq., 12 N.Y.C.R.R. §§ 142, *et seq.* – ("NEW**
**YORK LABOR LAWS") – FAILURE TO PAY OVERTIME WAGES and**
**FAILURE TO MAINTAIN AND PRESERVE WAGE RECORDS**

123.   Plaintiff re-alleges and incorporates all previous paragraphs herein.

124.   At all times relevant to the action, Defendant was an employer covered by the overtime mandates of the NYMWA and the NYPOW, and the Rule 23 New York Class are employees entitled to the NYMWA's and NYPOW's protections.

125.   The NYMWA entitles employees to overtime compensation "at not less than one and one-half times the regular rate" of pay of the employee for those hours in excess of 40 hours per week." *See* 12 N.Y.C.R.R. § 142-2.2.

126.   Defendant violated the NYMWA by regularly and repeatedly failing to compensate the Rule 23 New York Class for the time spent on the work activities described in this Complaint.

127.   The NYPOW entitles employees to bring a private action against an employer "to recover full wages, benefits and wage supplements and liquidated damages accrued during the six years previous to the commencing of such action."

N.Y. Labor Law § 198(3) ("Investigation by the commissioner shall not be a prerequisite to nor a bar against a person bringing a civil action under this section.").

128.  Defendant violated the NYPOW and 12 N.Y.C.R.R. § 142-2.6 by failing to establish, maintain and preserve true and accurate records of all hours worked by the Rule 23 New York Class.

129.  Defendant's uniform policy and practice, as described above, was/is willful, intentional, unreasonable, arbitrary, and in bad faith.

130.  As a result, the Rule 23 New York Class has and will continue to suffer loss of income and other damages. Accordingly, the Rule 23 New York Class is entitled to recover unpaid wages owed, plus costs, attorneys' fees, and other appropriate relief under the NYMWA and NYPOW at an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on her own behalf and on behalf of the putative FLSA Collective, requests judgment as follows:

a.   An Order certifying this action as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

b.   An Order certifying this action as a class action (for the Rule 23 New Jersey Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's New Jersey state law claims (Count II);

c.   An Order certifying this action as a class action (for the Rule 23 Pennsylvania Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's Pennsylvania state law claims (Count III);

d.   An Order certifying this action as a class action (for the Rule 23 New York Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's New York state law claims (Count IV);

e.   An Order compelling Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, dates of employment, and phone numbers of all FLSA Collective members and Rule 23 Class members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

f.   An Order designating Plaintiff Grace Munoz as the representative of the FLSA Collective;

g.   An Order designating Plaintiff Grace Munoz as the class representative for the Rule 23 New Jersey Class;

h.   An Order designating Plaintiff Grace Munoz as the class representative for the Rule 23 Pennsylvania Class;

i.   An Order designating Plaintiff Grace Munoz as the class representative for the Rule 23 New York Class;

j.   An Order designating undersigned counsel as Class counsel for each of the same classes;

k.   An Order declaring Defendant violated the FLSA and the Department of Labor's attendant regulations cited herein;

l.   An Order declaring Defendant's violation of the FLSA was willful;

m.   An Order declaring Defendant's practice and policy of classifying its paralegals as exempt employees was unlawful;

n.   An Order declaring Defendant violated the New Jersey Wage and Hour Laws and New Jersey Wage Payment Law by failing to properly pay the New Jersey Class overtime wages, as set forth herein;

o.   An Order declaring Defendant violated the Pennsylvania Minimum Wage Act by failing to properly pay the Pennsylvania Class overtime wages, as set forth herein;

p.  An Order declaring Defendant violated the NYMWA by failing to properly pay the New York Class overtime wages, as set forth herein;

q.  An Order declaring Defendant violated the NYPOW by failing to establish, maintain and preserve true and accurate hours of all hours worked by the New York Class;

r.  An Order granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and the FLSA Collective, the Rule 23 New Jersey Class, the Rule 23 Pennsylvania Class, and the Rule 23 New York Class the full amount of damages and liquidated damages available by law;

s.  An award of reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

t.  An award of pre- and post-judgment interest to Plaintiff on these damages; and

u.  An Order awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff, individually and on behalf of all others similarly situated, by and through her attorneys, hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38 and the court rules and statutes made and provided with respect to the above-entitled cause.

Dated: January 21, 2021          Respectfully Submitted,

**BARKAN MEIZLISH DEROSE**
**WENTZ MCINERNEY PEIFER, LLP**

/s/*Robert E. DeRose*
Robert E. DeRose (PA Bar No. 94395)
4200 Regent Street, Suite 210
Columbus, OH 43219

Phone: (614) 221-4221
Facsimile: (614) 744-2300
Email: bderose@barkanmeizlish.com

*Local Counsel for Plaintiff and the Putative*
*Collection / Class Members*

**SOMMERS SCHWARTZ, P.C.**

Jason J. Thompson (*Pro Hac Vice forthcoming*)
Alana Karbal  (*Pro Hac Vice forthcoming*)
One Towne Square, Suite 1700
Southfield, MI 48067 PH:
(248) 355-0300
jthompson@sommerspc.com
akarbal@sommerspc.com

*Attorneys for Plaintiff and the Putative Collection /*
*Class Members*