# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GRACE MUNOZ** on behalf of herself and others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>**GOLDBERG, MILLER & RUBIN, P.C.,** a Pennsylvania corporation,<br><br>    Defendant. | Case No.: 21-00297<br><br>Hon.: Gerald J. Pappert |

## UNOPPOSED MOTION FOR APPROVAL OF FAIR LABOR STANDARDS ACT SETTLEMENT AND RELEASE AGREEMENT AND RULE 41 DISMISSAL WITH PREJUDICE

NOW COME Plaintiffs Grace Munoz and Joharis Byas ("Plaintiffs"), by and through the undersigned counsel, Sommers Schwartz, P.C., and move this Court for approval of the Settlement Agreement ("Settlement Agreement") entered into between Plaintiffs and Defendant Goldberg, Miller & Rubin, P.C. ("Defendant") and for dismissal of this action with prejudice. The Settlement Agreement is attached to the accompanying Memorandum in Support as **Exhibit A**. In support of their Motion, Plaintiffs rely on the legal arguments contained herein and in their Memorandum in Support, the Federal Rules of Civil Procedure and all pleadings filed in this action.

1. On January 21, 2021, Plaintiff Munoz filed the above captioned action on behalf of herself and all similarly situated individuals against Defendant alleging, *inter alia*, that Defendant misclassified her and other paralegals as exempt employees and failed to pay them proper overtime in violation of the Fair Labor Standards Act ("FLSA,) Pennsylvania Minimum Wage Act ("PMWA"), New Jersey Wage Act ("NJWA"),  New York Minimum Wage Act ("NYWMA"), New York Payment of Wages Act ("NYPWA"), and New York Labor Laws ("NYLL"), and other legal requirements. Complaint, ECF 1.

2. Plaintiff Munoz worked for Defendant as a paralegal from approximately May 2, 2019 through November 3, 2020. She alleges that she regularly worked five days per week, ten (10) to eleven (11) hours per day, and fifty (50) to fifty-five (55) hours per workweek during her employment with Defendant. ECF 1, ¶¶ 22-24, 32.

3. Defendant also employed Opt-in Plaintiff, Joharis Byas ("Plaintiff Byas"), as a paralegal from December 23, 2019 through January 13, 2020. Plaintiff Byas claims that she routinely worked nine (9) to ten (10) hours per day and forty-five (45) to fifty (50) hours per workweek during her employment.

4. In July 2019, Defendant made a onetime payment to Plaintiff Munoz in the amount of approximately $3,606 for 100 past hours worked in overtime. Plaintiff Munoz alleges that this payment did not account for all overtime she worked afterwards and through the conclusion of her employment. ECF 1, ¶ 25.

5. Plaintiff Byas never received any overtime compensation during her employment with Defendant.

6. Defendant denies all material allegations and claims asserted.

7. The Parties nevertheless have reached a full, complete, final, and binding settlement and compromise of all claims that Plaintiffs may have against Defendant, without any concession or admission of unlawful conduct, liability, fault, or wrongdoing of any Party, in an effort to avoid the burden, expense, and uncertainty of litigating Plaintiffs' claims.

8. The settlement is fair, reasonable and equitable to all Parties involved in this litigation and the Parties respectfully seek approval of the Settlement Agreement and dismissal of this action with prejudice.

9. Claims arising under the FLSA can only be settled or compromised by employees when either the Secretary of Labor supervises an employer's payment of unpaid wages to employees pursuant to 29 U.S.C. § 216(c), or a district court approves the settlement pursuant to 29 U.S.C. § 216(b). *Adams v. Bayview Asset Mgmt., LLC,* 11 F.Supp.3d 474, 476 (E.D. Pa. 2014). In the absence of guidance from the Third Circuit Court of Appeals, courts in this Circuit have routinely employed the requirements set forth in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982), in reviewing proposed compromises or settlements. *Bettger v. Crossmark, Inc.*, No. 13-2030, 2015 WL 279754, at *3 (M.D. Pa. Jan. 22, 2015) (collecting cases). Following *Lynn's Food Stores*, a district court should approve a proposed settlement between the parties if it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." 679 F.2d at 1355. Further, the Court may approve the settlement "to promote the policy of encouraging settlement of litigation." *Id*. at 1354.

10. To be considered a resolution of a bona fide dispute, the proposed settlement must reflect a reasonable compromise over factual issues actually in dispute, rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Cuttic v. Crozer-Chesier Med. Ctr.*, 868 F. Supp. 2d 464, 466 (E.D. Pa. 2012) (quoting *Lynn's Food Stores*, 679 F.2d at 1354); *see Creed v. Benco Dental Supply Co.*, No. 12-1571, 2013 WL 5276109, at * 1 (M.D. Pa. Sept. 17, 2013) (noting that a dispute is "bona fide" when it involves " 'factual issues' rather than 'legal issues such as the statute's coverage and applicability' ") (quoting *Lignore v. Hosp. of Univ. of Pa.*, No. 04-5735, 2007 WL 1300733, at *3 (E.D. Pa. May 1, 2007)). "In essence, for a bona fide dispute to exist, the dispute must fall within the contours of the FLSA and there must be evidence of the defendant's intent to reject or actual rejection of that claim when it is presented." *Kraus v. PA Fit II, LLC*, 155 F. Supp. 3d 516, 530 (E D. Pa. 2016).

11. If the court is satisfied that the dispute is bona fide, it then conducts a two-part inquiry. *Redden v. King's Corner Pub, LLC*, No. 16-6152, 2017 WL 4883177, at *2 (E.D. Pa. Oct. 27, 2017). First, the Court evaluates "whether the settlement is fair and reasonable to the employee or employees involved and, if it is, the court then evaluates whether the agreement 'furthers or impermissibly frustrates the implementation of [the] FLSA in the workplace.'" *Id.*; *see also Nwogwugwu v. Spring Meadows at Lansdale, Inc.*, No. 16-2663, 2017 WL 2215264, at *2 (E.D. Pa. May 18, 2017); *In re Chickie's & Pete's Wage and Hour Litigation*, No. 12–6820, 2014 WL 911718, at *2 (E.D. Pa. Mar. 7, 2014); *Gabrielyan v. S. O. Rose Apartments LLC*, No. 15-1771, 2015 WL 5853924, at *2 (D.N.J. Oct. 5, 2015) (collecting cases).

12. Here, Plaintiffs claim they were not paid for work performed for Defendant, and Defendant disputes Plaintiffs' factual contentions and denies all material allegations and claims asserted. Nevertheless, the Parties, having had the opportunity to assess their and the opposing party's positions, as well as the risks, benefits, and costs of litigation, have decided to resolve the matter by settlement rather than by trial.

13. Plaintiffs Munoz and Byas estimate that their unpaid overtime wages are approximately $5,348.10 and $200.10, respectively. The settlement award fairly and adequately compensates Plaintiffs because Plaintiff Munoz is receiving in excess of that amount, partially liquidated damages and consideration for the release contained in the Settlement Agreement, and Plaintiff Byas is receiving the full $200.10, also partially liquidated damages and consideration for the release contained in the Settlement Agreement.

14. The Settlement Agreement neither frustrates the purposes of, nor contains any provisions that are contrary to, the FLSA. As noted, Defendant continues to deny all material allegations and claims asserted. Thus, in addition to the uncertainty of litigation, resolution of these

claims through trial would be burdensome and expensive for both parties. As discussed above, there exists a bona fide dispute and the compromise reached is fair and reasonable.

15. The Parties agree that the reduced attorneys' fees amount requested for approval and costs in this matter are fair and reasonable given the amount of time spent litigating, evaluating and settling this case, and reviewing and evaluating the documents voluntarily produced by Defendant.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant their Unopposed Motion for Approval of Fair Labor Standards Act Settlement and Release Agreement and Rule 41 Dismissal with Prejudice; approve the Parties' Settlement Agreement, including the payment of attorneys' fees and costs; dismiss this action with prejudice; and grant any such other relief this Court deems just and proper.

Date: August 6, 2021                     Respectfully submitted,

**SOMMERS SCHWARTZ, P.C.**
*/s/ Jason J. Thompson*
Jason J. Thompson
Alana Karbal
One Towne Square, Suite 1700
Southfield, Michigan 48076
Phone: (248) 355-0300
jthompson@sommerspc.com
akarbal@sommerspc.com

*Attorneys for Plaintiffs*

**BARKAN MEIZLISH DEROSE WENTZ MCINERNEY PEIFER, LLP**
Robert E. DeRose (PA Bar No. 94394)
4200 Regent Street, Suite 210
Columbus, OH 43219
Phone: (614) 221-4221
Facsimile: (614) 744-2300
bderose@barkanmeizlish.com

*Local Counsel for Plaintiffs*