# EXHIBIT A

## FAIR LABOR STANDARDS ACT SETTLEMENT AND RELEASE AGREEMENT

This Fair Labor Standards Act ("FLSA") Settlement and Release Agreement (the "Agreement") is made by and between Goldberg, Miller & Rubin, P.C. ("GMR") ("Defendant"), and Plaintiffs Grace Munoz and Joharis Byas, ("Plaintiffs"). Plaintiffs and Defendant are collectively referred to as "the Parties."

## RECITALS

WHEREAS, a dispute exists between Plaintiffs and Defendant that resulted in Plaintiff's filing of a lawsuit in the United States District Court for the Eastern District of Pennsylvania (the "Court") titled *Grace Munoz, on behalf of herself and others vs. Goldberg, Miller & Rubin, P.C.*, Civil Action No. 21-cv-00297 (the "Lawsuit"), in which Plaintiffs asserted, *inter alia*, that Defendant misclassified them as exempt employees and failed to pay Plaintiffs proper overtime in violation of the FLSA, Pennsylvania Minimum Wage Act ("PMWA"), New Jersey Wage Act ("NJWA"), New York Minimum Wage Act ("NYWMA"), New York Payment of Wages Act ("NYPWA"), and New York Labor Laws ("NYLL"), and other legal requirements.

WHEREAS, Defendant denies all material allegations and claims asserted in the Lawsuit; and

WHEREAS, the Parties nevertheless wish to avoid the burden, expense, and uncertainty of litigating Plaintiffs' claims and desire, without any concession or admission of unlawful conduct, liability, fault, or wrongdoing of any Party, to effect a full, complete, final, and binding settlement and compromise of all claims that Plaintiffs may have against Defendant, at any time through the date that the last Plaintiff signs this Agreement.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and promises set forth in this Agreement, agree as follows:

## AGREEMENT

1.      **Dismissal of the Lawsuit.** The Parties agree to seek dismissal of the Lawsuit by filing with the Court a joint motion to approve this Agreement and dismiss Plaintiffs' claims with prejudice. Plaintiffs authorize their counsel to execute the Stipulation and Order of Dismissal with Prejudice, attached as **Exhibit A**, and to submit any papers to the Court that are necessary to effectuate the dismissal of the Lawsuit and/or the full release of claims, and enforcement of the Agreement. Defendant agrees not to oppose Plaintiffs' Counsel's petition for attorneys' fees and costs.

This Agreement is contingent on the Court approving the settlement of Plaintiffs' FLSA claims and dismissing the Lawsuit with prejudice. In the event that the Court for any reason declines or fails to dismiss the Lawsuit with prejudice as contemplated by this Agreement, this Agreement shall be void. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement; the Parties shall proceed in all respects as though the Agreement had not been executed; nothing contained in

this Agreement shall be used as an admission against either Party; and no Party to this Agreement shall be deemed to have waived or relinquished any rights, privileges, claims, or defenses by having entered into this Agreement. Notwithstanding the foregoing, the Parties may agree in a separate writing to modify or alter this Agreement in order to obtain Court approval and dismissal of the Lawsuit with prejudice.

2.    **Release of FLSA and Other Wage and Hour Claims.** In exchange for the consideration described in Paragraph 4 of this Agreement, Plaintiffs, for themselves and their respective agents, representatives, assignees, heirs, executors, administrators, beneficiaries, and trustees ("Releasors") irrevocably and unconditionally waive, release, and forever discharge Defendant and its predecessors, successors, all former, current, and future related organizations, companies, divisions, investors, subsidiaries, affiliates, insurers, and parents, and, collectively, its respective former, current and future directors, officers, employees, agents, representatives, attorneys, fiduciaries, assigns, heirs, executors, administrators, beneficiaries, and trustees (collectively, the "Released Parties"), from any and all claims each Releasor may have against any of the Released Parties up to and including the effective date of this Agreement, whether known or unknown, pursuant to the FLSA, PMWA, NJWA, NYWMA, NYPWA, and NYLL, in particular claims for payment of minimum wage and overtime compensation arising under the FLSA, PMWA, NJWA, NYWMA, NYPWA, and NYLL along with any claims derivative of such claims including for contributions to pension, welfare and stock plans or related to taxes, unpaid costs, penalties (such as late payment penalties), liquidated damages, punitive damages, compensatory damages, interest, attorneys' fees, litigation costs, or restitution.

3.    **No Admission of Liability.** This Agreement is entered into in compromise of disputed claims. The Parties agree and acknowledge that the execution of this Agreement and the payment of the monetary consideration described herein are not and shall not be construed in any way as an admission of wrongdoing or liability on the part of Defendant. Plaintiffs further acknowledge that Defendant denies all allegations of wrongdoing. The Parties intend, by their actions, pursuant to this Agreement, merely to avoid the expense, delay, uncertainty, and burden of litigation.

4.    **Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiffs in this Agreement, Defendant agrees to pay Plaintiffs Forty Five Thousand Dollars ($45,000) within thirty (30) business days of the date that the Order of Final Approval is entered by the Court (the "Effective Date"), which shall be allocated and paid as follows:

    a.  Three Thousand One Hundred Twenty Five Dollars and Zero Cents ($3,125.00), less all lawful deductions, made payable to Grace Munoz, representing alleged unpaid wages, for which an IRS Form W-2 will be issued to Plaintiff Munoz;

    b.  Three Thousand One Hundred Twenty Five Dollars and Zero Cents ($3,125.00) made payable to Grace Munoz, representing alleged liquidated damages, statutory penalties and release of claims, for which an IRS Form 1099 will be issued to Plaintiff Munoz;

    c.   One Hundred Dollars and Five Cents ($100.05), less all lawful deductions, made payable to Joharis Byas, representing alleged unpaid wages, for which an IRS Form W-2 will be issued to Plaintiff Byas;

    d.   One Hundred Dollars and Five Cents ($100.05) made payable to Joharis Byas, representing alleged liquidated damages, statutory penalties and release of claims, for which an IRS Form 1099 will be issued to Plaintiff Byas; and

    e.   Thirty Eight Thousand Five Hundred Forty Nine Dollars and Ninety Cents ($38,549.90) made payable to Plaintiff's counsel of record, Sommers Schwartz, P.C., representing attorneys' fees and costs, for which an IRS Form 1099 will be issued to Sommers Schwartz, P.C.

The distribution to the Plaintiffs has been allocated as determined by Plaintiffs' counsel. Defendant will issue an IRS Form W-2 to each Plaintiff representing the portion of each payment treated as wages and an IRS Form 1099 to each Plaintiff representing the portion of each payment treated as liquidated damages, with appropriate withholding including backup withholding as appropriate. Both forms will be issued by Defendant for the calendar year 2021 and sent to the last known address for the employee.

From the total settlement payment identified above, GMR shall issue payments directly to Sommers Schwartz, P.C. in the total amount of Thirty Eight Thousand Five Hundred Forty Nine Dollars and Ninety Cents ($38,549.90), representing payment of Plaintiffs' attorneys' fees and Plaintiffs' litigation costs. Plaintiffs' counsel's provision of an appropriately completed IRS Form W-9 shall be a condition precedent to such payment. Defendant shall issue IRS Forms 1099 for the payment of attorneys' fees to Plaintiffs' counsel and Plaintiffs.

All payments contemplated by this Paragraph 4 shall be delivered to One Towne Square, Suite 1700, Southfield, MI 48067, to the attention of Jason J. Thompson, Esq.

Plaintiffs agree to indemnify and hold Defendant harmless for any tax liability, penalty, interest, cost, or expense incurred as a result of Plaintiffs' failure to pay taxes on any amount received pursuant to an IRS Form 1099 for which that individual is responsible. Defendant does not make any warranty or representation to Plaintiffs regarding the tax consequences of any payments.

    **5.**    **Other Affirmations by Plaintiffs.** Plaintiffs also agree and affirm that each is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance; that the Agreement is fair and reasonable; that Plaintiffs have consulted with Sommers Schwartz, P.C. prior to signing this Agreement; that each has been given a reasonable amount of time to consider this Agreement; and that, absent this Agreement, Plaintiffs would not otherwise be entitled to the consideration specified in Paragraph 4 of this Agreement.

    **6.**    **Agreement Not To Seek Or Accept Future Employment**. Due to irreconcilable differences between the Parties, the Parties hereby acknowledge and agree that Plaintiffs waive any and all rights or claims to reemployment with Releasees, and Plaintiffs agree that Releasees have no obligation, contractual or otherwise, to hire, recall, rehire or reemploy her in the future. Plaintiffs further acknowledge and agree that they will not in the

future knowingly apply for or otherwise seek employment with Releasees. If, through mistake or inadvertence or otherwise, Plaintiffs apply for employment with Releasees, then they shall withdraw their application immediately upon notice without any recourse, legal or otherwise, and to the extent that Plaintiffs have been hired, they will resign immediately upon notice without any recourse, legal or otherwise. The Parties agree that this is a negotiated clause of this Agreement and not evidence of retaliation. Accordingly, Plaintiffs waive any right to receive any damages for any claim they might otherwise have from the denial or termination of such future employment.

   7.   **Miscellaneous.**

      **(a)**   **No Waiver by Inaction.** The failure of any Party to insist upon strict adherence to any term of this Agreement shall not be considered a waiver as to that term or any other term in the Agreement.

      **(b)**   **Continuing Jurisdiction.** Nothing in this Agreement is intended to limit the Court's authority to retain continuing jurisdiction over the Parties to administer and enforce the terms of this Agreement.

      **(c)**   **Construction.** The Parties have had an opportunity to negotiate all terms, all conditions, and the language of this Agreement and hereby agree that all of the terms and conditions shall be construed as if drafted by all Parties and not against any as the drafter. Accordingly, any rule of construction that any ambiguity or uncertainty in a writing shall be interpreted against the party drafting the written instrument shall not apply to the construction of this Agreement.

      **(d)**   **Choice of Law.** The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of Pennsylvania regardless of whether any party is, or may hereafter be, a resident of another state.

      **(e)**   **Extension of Time.** The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement.

      **(f)**   **Counterparts.** This Agreement may be executed in counterparts, and each executed counterpart shall have the same force and effect as an original instrument, as if all of the Parties to all of the counterparts had signed the same instrument. This Agreement may be executed by "wet" signature (i.e., using pen and paper) or electronic signature (e.g., via DocuSign), and may be delivered by electronic means. E-mailed or faxed copies of original signatures shall be considered the equivalent of an original signature.

      **(g)**   **Modifications.** With the exception of extensions of time as described in Subsection (e) of this Paragraph 7, no amendment or modification of the terms of this Agreement shall be binding on the Parties unless reduced to writing and signed by the person or entity against whom enforcement is sought.

      **(h)**   **Severability.** The Parties agree that if any phrase, clause, or provision of this Agreement, other than Paragraph 2, is declared illegal, invalid, or unenforceable by a court of competent jurisdiction after this Agreement takes effect, such phrase, clause, or provision

shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect. If any phrase, clause, or provision of this Agreement, other than Paragraph 2, is deemed unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction after this Agreement takes effect, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds. If the release set forth in Paragraph 2 of this Agreement is deemed illegal, invalid, or unenforceable in whole or in part after this Agreement takes effect, then this Agreement shall be voidable in its entirety at Defendant's option, in which case Plaintiffs shall return the consideration received.

Goldberg, Miller & Rubin, P.C.

By: _____

Print: Richard M. Castagna

Title: Treasurer / Shareholder

Dated: August 5 , 2021

_____
Grace Munoz

07/13/2021
_____
Date:

_____
Joharis Byas

08/05/2021
_____
Date:

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

**GRACE MUNOZ** on behalf of herself
and others similarly situated,

        Plaintiff,

v.

**GOLDBERG, MILLER & RUBIN, P.C.,** a
Pennsylvania corporation,

        Defendant.

Case No.: 21-00297

Hon.: Gerald J. Pappert

### STIPULATION OF DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiffs and Defendant that the parties' FAIR LABOR STANDARDS ACT SETTLEMENT AND RELEASE AGREEMENT ("Agreement") having been found to constitute a fair and reasonable compromise of a *bona fide* dispute, this action is dismissed, with prejudice, in its entirety and with no award of attorneys' fees, costs or disbursements to Plaintiffs or Defendant by the Court. Pursuant to the terms of the Agreement, the Court retains jurisdiction over disputes between the parties for purposes of enforcement of the settlement.

[INTENTIONALLY LEFT BLANK – SIGNATURES ON FOLLOWING PAGE]

JACKSON LEWIS PC                              SOMMERS SCHWARTZ, P.C.


By: _____                    By: _____
    Stephanie Peet, Esq.                         Jason J. Thompson, Esq.
    1601 Cherry Street, Suite 1350               One Towne Sware, Suite 1700
    Philadelphia, PA 19102                       Southfield, MI
    (267) 319-7818                               (248) 355-0300
    *Attorneys for Defendant*                    *Attorneys for Plaintiffs*

Dated: _____, 2021                   Dated: _____, 2021


SO ORDERED THIS ____ DAY OF_____, 2021


_____
The Honorable Gerald J. Pappert
United States District Judge

4844-6804-4017, v. 1